United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 24, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-40813
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

JOSE LUIS ZERTUCHE

Defendant - Appellant

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:05-CR-963-1
--------------------

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:[*]

Jose Luis Zertuche appeals the sentence imposed following his guilty-plea conviction for possession with intent to distribute more than 500 grams of cocaine.

Zertuche first argues that the district court erred by imposing a four-level guidelines enhancement based on the finding that he was an organizer or leader of the offense. See U.S.S.G. § 3B1.1(a) (2005). Although some evidence suggested that another co-defendant was the leader or organizer, in light of the evidence as a whole, we conclude that the district court did not

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

clearly err in finding that Zertuche was a leader or organizer. See United States v. Villanueva, 408 F.3d 193, 204 (5th Cir. 2005). Assuming arguendo that the evidence supported a finding that Zertuche's co-defendant warranted an enhancement as a leader or organizer, we note that such a finding would not preclude a finding that Zertuche also was a leader or organizer. See § 3B1.1 comment. (n. 4).

Zertuche argues that the district court erred by imposing a two-level enhancement for possession of a firearm in connection with the offense. See § 2D1.1(b)(1). Again, although there is some contrary evidence, in light of the evidence that the firearm was found in Zertuche's closet along with a quantity of cocaine, we conclude that the district court did not clearly err in imposing this enhancement. See United States v. Eastland, 989 F.2d 760, 770 (5th Cir. 1993).

Zertuche argues that the district court erred by imposing a two-level enhancement for use of a minor to assist in avoiding detection of the offense. See § 3B1.4. In light of the undisputed evidence that a co-defendant was to smuggle a quantity of cocaine hidden in an infant carrier seat and that the co-defendant's infant child was brought to the bus station, we conclude that the district court did not clearly err in finding that this enhancement was warranted.

Finally, Zertuche argues that the district court erred by denying him the benefits of § 5C1.2, which provides for an exception to certain mandatory minimum sentences and a two-level

reduction in offense level.  See § 5C1.2; § 2B1.1(b)(7) (2005).
Zertuche's argument is premised on the assumption that the
district court erred in finding that he was an organizer or
leader.  Because we find that the district court did not clearly
err in finding that Zertuche was an organizer or leader, the
district court did not clearly err in finding Zertuche ineligible
for relief under § 5C1.2.  See United States v. Miller, 179 F.3d
961, 963-64 (5th Cir. 1999).

AFFIRMED.